UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



FILED
OCT 0 4 2017
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY: _____ﾑ_____ , DEPUTY

IN RE: SAMSUNG TOP-LOAD WASHING MACHINE
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 2792

FILED
Oct 4, 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

TRANSFER ORDER

**Before the Panel:**[*] Common defendants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, Samsung), together with defendants Best Buy Co., Inc., Lowe's Home Centers, LLC, and Sears Holdings Corporation, move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Oklahoma. This litigation currently consists of 24 actions pending in 20 districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of two related actions.[1] This litigation arises from allegations that certain Samsung top-load washing machines have design and manufacturing defects that may cause machine parts to detach, break apart, or explode during the spin cycle, and that a voluntary recall issued in November 2016 fails to provide adequate relief to consumers.

All responding parties support centralization, but there is some disagreement on the transferee district and whether one action focused on the drain pump component (*Wagner*) should be included in the proposed MDL. Defendant The Home Depot supports transfer of all actions on the motion, including *Wagner*, to the Western District of Oklahoma. Plaintiffs in 20 actions represented by shared counsel support centralization in the Western District of Oklahoma or, alternatively, the Southern District of Texas or Eastern District of California. They further assert that *Wagner* should be excluded, arguing that it concerns a categorically different defect. Plaintiffs in the four remaining actions on the motion – *Wagner*, *Moore*, *Troyan*, and *Cooper* – support centralization in the District of New Jersey or, alternatively, the Southern District of New York.[2] They assert *Wagner* should be included, arguing that it involves the same Samsung washing machine models as the actions on the motion, and common causation issues are likely to arise in all actions.

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The related actions are pending in the Northern District of Illinois and the District of Maine. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] In the event those districts are not available, they suggest the Eastern District of Pennsylvania, the Southern District of Florida, and the Central District of California.

In their reply brief, the moving defendants assert that the *Wagner* complaint alleges many of the same design flaws and malfunction issues as the actions on the motion and, thus, should be included.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions share complex factual questions arising from allegations that Samsung top-load washing machines subject to a voluntary recall issued November 4, 2016,[3] suffer from design and manufacturing defects that manifest during the spin cycle and cause components, such as the top and drain pump, to detach, break apart, or explode. The shared factual questions include: (1) Samsung's design, testing, and manufacturing of the recalled washing machines; (2) whether defendants knew or should have known of the alleged defects; and (3) the adequacy of the recall. These common issues clearly are raised by *Wagner*, which alleges many of the same design flaws as the other actions,[4] involves the same washing machine models, and presents overlapping issues concerning the adequacy of the recall remedy. Thus, *Wagner* will be included in the MDL. Additionally, there is substantial overlap in the putative nationwide and statewide classes in these actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Western District of Oklahoma is an appropriate transferee district for this litigation. This district provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide. Plaintiffs in 20 actions on the motion and all defendants support this district, where four actions are pending. This district also is centrally located relative to the geographically dispersed domestic defendants, which have their headquarters in Georgia, Illinois, New Jersey, Minnesota, and North Carolina. Defendant Samsung Electronics Co., Ltd., located in South Korea, also supports this district. Judge Timothy D. DeGiusti, to whom we assign this litigation, is an experienced jurist, and we are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Oklahoma are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Timothy D. DeGiusti for coordinated or consolidated pretrial proceedings.

---

[3] *See* Voluntary Recall of Certain Top-Load Washers (Nov. 4, 2016) (available at: https://pages.samsung.com/us/tlw/index.html).

[4] For example, *Wagner* alleges that the drain pump detaches because "the Washing Machines vibrate excessively," and the motor components are "too powerful" for the machines, resulting in high stress concentrations and breakage. *See, e.g., Wagner* Compl. ¶¶ 2, 6-7, 32. Plaintiffs in the actions alleging risk of explosion assert the same design defects.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

ATTEST: A true copy of the original
Carmelita Reeder Shinn, Clerk
By_____
Deputy

IN RE: SAMSUNG TOP-LOAD WASHING MACHINE
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION     MDL No. 2792

## SCHEDULE A

Central District of California

ALLEN v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17-03602
MADRID v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 5:17-00203

Eastern District of California

RAABE v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17-00946

District of Delaware

LANE v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 1:17-00371

Southern District of Florida

COOPER v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 0:17-61022

Northern District of Georgia

KELLAS v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 1:17-01232

Western District of Kentucky

JACOBS v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 3:17-00272

Western District of Louisiana

SORIA v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17-00195

Western District of Michigan

HINKHOUSE v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
   C.A. No. 2:17-00039

District of Minnesota

ANDERSON v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
   C.A. No. 0:17-01569

A-2

District of Nebraska

MULFORD v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
C.A. No. 4:17-03017

District of New Jersey

MOORE, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
C.A. No. 2:16-04966

Eastern District of New York

FRAKER v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17-02353

Southern District of New York

MIKRUT v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 1:17-01525

Middle District of North Carolina

BRADLEY v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
C.A. No. 1:17-00171

Western District of Oklahoma

WELLS, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
C.A. No. 5:17-00046
MENZER v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 5:17-00409
SEWELL v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 5:17-00434
HANSEN v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 5:17-00513

Eastern District of Pennsylvania

WAGNER v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:16-03623

Western District of Pennsylvania

TROYAN v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:16-01873

District of South Carolina

SANDA, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
C.A. No. 6:17-00988

A-3

<u>Southern District of Texas</u>

ZAMORA v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 7:17-00154

<u>Western District of Texas</u>

PRONSTROLLER, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 5:17-00163

# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Marjorie O. Rendell
United States Court of Appeals
Third Circuit

Charles R. Breyer
United States District Court
Northern District of California

Lewis A. Kaplan
United States District Court
Southern District of New York

Sarah S. Vance
United States District Court
Eastern District of Louisiana

Ellen Segal Huvelle
United States District Court
District of District of Columbia

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20544-0005

Telephone: [202] 502-2800
Fax: [202] 502-2888
http://www.jpml.uscourts.gov

TO THE CLERK OF THE TRANSFEREE DISTRICT

Dear Clerk:

A transfer order has been issued in this litigation. The order is directed to you for filing. Rule 2.1(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, states, "An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 9.1, pertaining to transfer of files, states that "the clerk of the transferor district shall transmit the record of each transferred action to the transferee district." With the advent of electronic filing, transferee courts rarely request the original file. Most transferee courts send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Some may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts. If no files will be necessary, you should make that clear. Therefore, Rule 9.1 will be satisfied once a transferor court has complied with your request.

You may find Chapter 11 of the Clerks Manual, United States District Courts helpful in managing your MDL docket.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. Therefore, we would appreciate your cooperation in keeping the Panel advised of the progress of this litigation. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, reassignments to other judges in your district, and any dispositive ruling that terminates a transferred action (settlements, dismissals, state court remands, etc.).

Your attention is also invited to Panel Rule 10.1, regarding termination and remand of transferred actions. This office will promptly file a conditional remand order upon notification/suggestion from the transferee judge that remand of actions or separable claims transferred under Section 1407 is appropriate.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

cc: Transferee Judge
Chief Judge Transferee District